IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| H.P.F., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 5:24-cv-209-CHW** |
| | : | |
| **COMMISSIONER OF** | : | **Social Security Appeal** |
| **SOCIAL SECURITY** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, following this Court's order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 14–16). The Commissioner agreed that Plaintiff was entitled to attorney's fees but objected to a portion of the requested fees. (Doc. 17). Plaintiff replied to the Commissioner's objections. (Doc. 18).

Plaintiff requests attorney's fees in the amount of $8,985.47 for 6.7 hours of paralegal work and 32.5 hours of attorney work. (Doc. 16-1). Plaintiff's fee calculations appear to comport with the Court's formula established in *Hartage v. Astrue*, No. 4:09-cv-48, 2011 WL 1123401 (M.D. Ga. 2011). The Commissioner has objected to specific tasks, including 5.8 hours of paralegal work and the hourly rate for paralegal work, which would reduce the award to $8,237.97.[1] The disputed time covers fees for, what the Commissioner alleges is, non-compensable work. (Doc. 17).

First, the Court agrees with Plaintiff that $125 per hour is an appropriate rate for paralegal work. In support of this assertion, Plaintiff provided the Court with the 2024 National Utilization

---

[1] The Commissioner did not provide the new requested amount to the Court.

1

and Compensation Report produced by the National Association of Legal Assistants. (Doc. 18-3). That report states that the average hourly billing rate for paralegals in the Southeast region in 2024 was $125. (*Id.*, p. 34). The Commissioner states that a more appropriate range is between $75 and $100, but the Commissioner does not provide any support for this assertion. (Doc. 17, p. 8). Second, the Court agrees that Plaintiff requests non-compensable fees but does not find that all the Commissioner's suggested reductions are warranted. Specifically, the Court finds the July 1, 2024, .3 hours for "Executed FDC contract and other rep documents reviewed for proper completion" and the September 9, 2024, 1.7 hours for "Combine, OCR and live bookmark Federal Court transcript (1, 735 pages)" to be non-compensable clerical tasks. The remaining paralegal entries are compensable and not the type of solely clerical review that other courts have excluded from fee awards. *See Harriott v. Comm'r, Soc. Sec. Admin.*, No. 2:23-CV-120-JCF, 2025 WL 2848605 (N.D. Ga. Feb. 20, 2025). Therefore, reducing Plaintiff's fee award by $250 for two hours of clerical work billed at paralegal rates is appropriate.

Plaintiff's motion (Doc. 16) is **GRANTED** with the above-noted exceptions. It is hereby **ORDERED** that Plaintiff is awarded **$8,735.47** in attorney's fees under the EAJA. This award should be made payable to Plaintiff directly. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If, however, the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner may accept Plaintiff's assignment of EAJA attorney's fees and pay the awarded fees directly to Plaintiff's counsel.

**SO ORDERED**, this 4th day of February, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2